**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MOLIERE DIMANCHE, JR.,**

    **Plaintiff,**

vs.                                                Case No. 4:11cv533-SPM/WCS

**COLONEL JERRY BROWN, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate incarcerated within the Florida Department of Corrections, filed a motion for a temporary injunction, doc. 3, at the same time Plaintiff submitted the initial complaint, doc. 1. Ruling was deferred on the motion, and Plaintiff was required to submit an amended complaint. Doc. 5. An amended complaint was necessary because the initial complaint could not be responded to by the sixteen named Defendants without numbered paragraphs. *Id.* Plaintiff's allegations were forwarded to the Inspector General's office for review, and ruling on the motion for temporary injunction, doc. 3, was deferred. Plaintiff then filed an amended complaint, doc. 8, on November 15, 2011, and service was delayed until February 6, 2012, awaiting receipt of the service copies from Plaintiff. Doc. 13. Plaintiff has now filed a motion to compel ruling on the motion for temporary injunction. Doc. 14.

As service has just recently been directed, doc. 13, Defendants have not yet responded to the amended complaint. Plaintiff's motion for a ruling, doc. 14, is granted in a separate order entered this day, and this report and recommendation is entered concerning Plaintiff's motion, doc. 3.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff stated in the motion for temporary injunction that Defendants have used violence against him for seeking an administrative remedy. Doc. 3. Plaintiff stated that because initiating this lawsuit is "a step beyond administrative action," and is in the care of the Defendants, he is at risk of further harm. *Id.* Thus, Plaintiff seeks to be

transferred before the Defendants have knowledge of this case and seek to interfere with legal process. *Id.* Plaintiff ask to be transferred away from Liberty Correctional Institution and the Quincy Annex, but points out that "transfer of the Plaintiff to a facility near his family in Orlando would best satisfy the relief sought in this motion . . . ." *Id.*, at 2.

Plaintiff does not specifically allege any harm or violence that has occurred or that is imminent. The brief statements in the motion are conclusory and lack any factual support. Because the motion fails to demonstrate a substantial threat to Plaintiff from even one particular Defendant if he remains at his current facility, the motion for a temporary injunction should be denied.

## RECOMMENDATION

Accordingly, it is **RECOMMENDED** that Plaintiff's motion for a temporary injunction, doc. 3, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 22, 2012.

 S/     William C. Sherrill, Jr.
 **WILLIAM C. SHERRILL, JR.**
 **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**